# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:12-cv-01420-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL |

Plaintiff David Hill ("Plaintiff") filed this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff's application for benefits under the Social Security Act.  (ECF No. 1.)

Plaintiff applied for Social Security benefits due to impairments arising from his degenerative disc disease, anxiety disorder and depressive disorder.  For the reasons set forth below, Plaintiff's appeal from the final decision of the Commissioner is denied.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her application for benefits under the Social Security Act on June 23, 2010. (AR 119, 124.)  Plaintiff alleged a disability onset date of May 15, 2010.  (AR 119.)  Plaintiff's application was denied initially on December 10, 2010 (AR 54) and then denied upon reconsideration on April 6, 2011 (AR 67).  On June 2, 2011, Plaintiff requested a hearing before

1  an administrative law judge.  (AR 80.)

2  On December 6, 2011, a hearing took place before Administrative Law Judge Daniel G. Heely ("the ALJ").  (AR 22.)  Plaintiff was represented by an attorney at the hearing.  (AR 22.) George C. Myers testified at the hearing as a vocational expert ("the VE").  (AR 22.)  December 19, 2011, the ALJ issued his written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 6-17.)  The Appeals Council denied Plaintiff's request for review on June 27, 2012.  (AR 1.)

**A.     Hearing Testimony**

Plaintiff completed school through the 11th grade and received a GED in 1974.  (AR 26.) Plaintiff also received military service training as a navigator's assistant/quartermaster.  (AR 26.)

Plaintiff currently provides in-home service support for his mother for 35 hours a month. (AR 26.)  Plaintiff gets paid $280 per month.  (AR 26.)  Plaintiff does her laundry, serves her meals, cleans the house and drives her to appointments.  (AR 27-28.)  In 2007, Plaintiff had a job through a temp service with the City of Modesto Waste Treatment Plant.  (AR 28.)  Plaintiff performed manual labor and maintenance.  (AR 28.)  Plaintiff is currently looking for work as a manager or supervisor for warehousing.  (AR 28.)

Plaintiff testified that he suffers from lower back problems, hip problems and numbness in his left shoulder and arm.  (AR 30.)  Plaintiff receives all his medical care at the VA.  (AR 32.)  Plaintiff does not receive any VA Disability Benefits.  (AR 32.)

Plaintiff occasionally smokes a cigarette.  (AR 32.)  Plaintiff does not drink alcohol.  (AR 34.)  Plaintiff smokes marijuana once or twice a week.  (AR 34.)  Plaintiff does not use any other illegal drugs.  (AR 35.)

Plaintiff has not received any type of mental health treatment.  (AR 35.)

Plaintiff lives in a home with his mother.  (AR 35.)  Plaintiff's mother is 78 years old and chair-bound.  (AR 35.)  Plaintiff does not have trouble doing most physical chores at home, but bringing in groceries is the most demanding because Plaintiff does not have good arm strength. (AR 36.)

/ / /

1 Plaintiff reads three to four hours a day. (AR 37.) Plaintiff watches television for about
2 six hours a day. (AR 37.) Plaintiff takes his mom out to bingo at least once a month in Modesto
3 for five hours at a time. (AR 39.) Plaintiff also took his mother to gamble at Table Mountain
4 Casino within the past year, which is about a hundred miles from where he lives. (AR 40.)

### B. Vocational Expert Testimony

The VE classified Plaintiff's employment over the past fifteen years as home attendant (medium, semi-skilled), construction worker (heavy, semi-skilled), inventory clerk (medium, semi-skilled), chauffeur (light, semi-skilled), water treatment operator (medium, skilled), delivery driver (medium, unskilled), shipping and receiving clerk (medium, skilled) and warehouse worker (medium, unskilled). (AR 42-43.) The VE testified that Plaintiff possessed the following transferable work skills: basic patient care and charting, ability to use both power tools and hand tools correctly and safely, making minor repairs, familiarity with inventory, warehouse equipment such as forklift, pallet jacks and shipping and receiving, ability to drive a limousine safely and correctly, customer service, and money handling. (AR 43-44.)

The ALJ provided the VE with the following first hypothetical:

- Same age, education, work history and transferable skills as Plaintiff;
- Ability to sit six hours;
- Ability to stand and/or walk less than two hours;
- Ability to lift and/or carry less than ten pounds occasionally;
- Can never climb, balance, stoop, kneel, crouch, crawl or work around hazards; and
- Would need numerous unscheduled rest breaks, more frequently than an employer would normally allow.

(AR 44.) The VE testified that such a hypothetical person could not perform any full-time jobs. (AR 44.)

The ALJ provided the VE with the following second hypothetical:

- Ability to work at jobs sitting, standing or walking six hours out of eight hours with normal breaks; and
- Ability to lift and carry 50 pounds occasionally, 25 pounds frequently.

3

1 (AR 44.) The VE testified that such a person could perform most of Plaintiff's prior work and 2 could perform other jobs in California, such as forklift driver, office clerk, and dishwasher. (AR 3 45.)

4     Plaintiff's attorney provided the VE with the following third hypothetical, based upon the 5 limitations identified by Dr. Lee-Lee Francisco:

6 • Ability to lift 20 pounds occasionally;

7 • Ability to sit for two hours per day, with rest after every two hours;

8 • Ability to stand two hours, with rest every two hours;

9 • Ability to walk for two hours, with rest every thirty minutes;

10 • Can never use either hand for fine manipulation;

11 • Can never climb, stoop, crouch or crawl;

12 • Can never push/pull; and

13 • Must avoid concentrated exposure to moving machinery, heights and noise.

14 (AR 45-46.) The VE testified that such a person could not perform any of the Plaintiff's past 15 relevant work nor any of the other jobs listed by the VE. (AR 46.)

16     **C.**     **Plaintiff's Medical Records**

17     The administrative record includes Plaintiff's medical records from the Department of 18 Veterans Affairs (AR 199-260, 303-382), a November 9, 2010 physical evaluation from 19 examining physician Dr. Miguel Hernandez, M.D. (AR 261-265), a November 12, 2010 20 psychiatric evaluation from examining psychologist Aparna Dixit, Psy.D (AR 266-269), a 21 November 30, 2010 Psychiatric Review Technique from non-examining consultant Stephen 22 Scott, Ph.D (AR 270-283), a December 9, 2010 Physical Residual Functional Capacity 23 Assessment from non-examining consultant Dr. Walter W. Bell, M.D. (AR 289-296), records 24 from Modesto Radiology Imaging (AR 300-302), a March 29, 2011 Case Analysis from non- 25 examining consultants Dr. E. Wong and H. Barrons Psy.D. (AR 383-385), an April 5, 2011 Case 26 Analysis from non-examining consultant Heather Barrons Psy.D (AR 389), and a November 8, 27 2011 medical report from treating physician Dr. Lee-Lee Francisco, M.D. (AR 398-402).

28 / / /

**D.     The ALJ's Findings**

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2014;
- Plaintiff has not engaged in substantial gainful activity since May 15, 2010;
- Plaintiff has the following severe impairment: degenerative disc disease;
- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1;
- Plaintiff has the residual functional capacity to perform a wide range of medium work and Plaintiff is able to sit, stand or walk 6 hours each during a normal 8-hour workday and is able to lift or carry 50 pounds occasionally and 25 pounds frequently;
- Plaintiff is capable of performing past relevant work as a home attendant;
- Plaintiff has not been under a disability, as defined in the Social Security Act, from May 15, 2010 through the date of the ALJ's decision.

(AR 11-18.)

## II.

**LEGAL STANDARDS FOR JUDICIAL REVIEW OF SOCIAL SECURITY DETERMINATIONS**

An individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g).  The Court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012).   "Substantial evidence" means more than a scintilla, but less than a preponderance.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "[A] reviewing court must consider the entire record as a

1 whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill,
2 698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).
3 However, it is not this Court's function to second guess the ALJ's conclusions and substitute the
4 Court's judgment for the ALJ's.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)
5 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's
6 conclusion that must be upheld.")

## III.

## DISCUSSION AND ANALYSIS

Plaintiff contends that the ALJ erred in rejecting the opinions of treating physician Dr. Lee-Lee Francisco, M.D. and the ALJ erred in failing to fully consider Dr. Aparna Dixit's opinions.

**A.   The ALJ Did Not Err in Rejecting the Opinions of Treating Physician Dr. Lee-Lee Francisco, M.D.**

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Lee-Lee Francisco, M.D., Plaintiff's treating physician.  Dr. Francisco opined that Plaintiff could only lift and carry up to 20 pounds occasionally, can sit for two hours, stand for two hours, and walk for two hours in an eight hour work day, and suffered from other limitations that impacted Plaintiff's ability to work.

"By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians." Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007).  "If a treating physician's opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight.'"  Id. (quoting 20 C.F.R. § 404.1527(d)(2)).  "If a treating physician's opinion is not given 'controlling weight' because it is not 'well-supported' or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given."  Id.  These factors include the length of the treatment relationship and the frequency of examination and the nature and extent of the treatment relationship.  Id.  Additional factors applicable when evaluating any

medical opinion, not just those of treating physicians, include the amount of relevant evidence supporting the opinion, the quality of the explanation provided, the consistency of the medical opinion with the record as a whole, the specialty of the physician providing the opinion, and "other factors" such as the degree of understanding a physician has of disability programs and their evidentiary requirements and the degree of familiarity with other information in the case record. Id.

"Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians." Id. (citing 20 C.F.R. § 404.1527(d)(1)-(2)). When a treating physician's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons supported by substantial evidence in the record. Id. (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Even if a treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Id. (quoting Reddick, 157 F.3d at 725). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. (internal quotations and citations omitted).

The ALJ rejected Dr. Francisco's opinion:

> ... in this case, the undersigned gives reduced weight to Dr. Francisco's opinion. The images studied throughout the record repeatedly indicate normal or mild to moderate findings. The claimant himself reported that his pain makes it difficult for him to do what he needs to do, however it is 'not functionally limiting". The claimant has acknowledged through testimony and throughout the record that he is not only able to complete everyday activities independently but is also able to provide care for his Mother. Moreover, since Dr. Francisco recorded few observations, the opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion.

(AR 16.) In sum, the ALJ rejected Dr. Francisco's opinion because 1) it was inconsistent with the rest of the medical record, 2) it was inconsistent with Plaintiff's own reported daily activities, and 3) it was brief and conclusory.

///

1       Dr. Francisco's opinions were inconsistent with the opinions of the other physicians on
2  record.  Dr. Francisco opined that Plaintiff could only lift and carry up to 20 pounds
3  occasionally, sit two hours, stand two hours, walk two hours, could never use his hands for fine
4  manipulation, can never climb, stoop, crouch or crawl, only occasionally balance and kneel, can
5  never push or pull, can only occasionally reach or handle, must avoid all exposure to vibrations,
6  dust, fumes, odors, smoke or chemicals, and must avoid concentrated exposure to heights,
7  moving machinery, noise, wetness, dryness and temperature extremes.

8       In contrast, Dr. Hernandez opined that Plaintiff could sit, stand or walk for six hours,
9  could lift and carry up to 50 pounds occasionally and 25 pounds frequently, and had no other
10 postural, manipulative or environmental workplace limitations.  (AR 264-265.)  Dr. Dixit opined
11 that Plaintiff had no significant impairments in his ability to perform detailed and complex tasks,
12 in working with supervisors, co-workers or the public, or in handling routine stressors.  (AR
13 269.)  Dr. Dixit did opine that, due to his history of substance abuse, Plaintiff would benefit from
14 help in managing his funds.  (AR 269.)  The non-examining consultants' opinions were
15 consistent with Dr. Hernandez's and Dr. Dixit's opinions.  (AR 270-283, 289-296, 383-385,
16 389.)

17      The ALJ also discounted Dr. Francisco's opinion as inconsistent with Plaintiff's reported
18 daily living activities.  A September 7, 2010 progress note from Dr. Oanh N. Mandal, M.D.
19 indicates that Plaintiff told his treating physician that his pain was "not functionally limiting."
20 (AR 213-215.)  It is worth noting that Plaintiff's statement came in the context of a discussion
21 regarding treatment options such as "physical therapy, lumbar epidural injection, EMG as well as
22 Neurosurgery," and Plaintiff was "not interested at this time" in those treatment options.  (AR
23 215.)  See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (failure to seek an
24 aggressive treatment program supports inference that pain was not as all-disabling as claimed).

25      However, the ALJ also discredited Dr. Francisco's opinion because it was brief and
26 conclusory.  "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief,
27 and unsupported by the record as a whole..."  Batson v. Commissioner of Social Security
28 Administration, 359 F.3d 1190, 1195 (9th Cir. 2004).  Dr. Francisco's opinion did not contain

any discussion regarding the rationale for his opinions. Dr. Francisco briefly listed some of Plaintiff's symptoms and some of the diagnoses, but did not cite to any specific objective medical findings or tests that supported his conclusions. Moreover, Dr. Francisco declined to respond to the open-ended questions on the form medical report, where he could have provided a narrative that explained his findings and explained how those findings support the conclusions in the report.

Based upon the foregoing, the Court finds that the ALJ's decision to reject Dr. Francisco's opinions was proper, as it was controverted by the other physicians on record, was inconsistent with Plaintiff's prior reported activities and because Dr. Francisco's opinion was brief and conclusory.

### B.     The ALJ Did Not Err in His Treatment of Dr. Aparna Dixit's Opinions

Plaintiff argues that the ALJ did not properly consider Dr. Dixit's opinions because the ALJ failed to reference certain findings made by Dr. Dixit pertaining to Plaintiff's major depressive disorder, GAF score, and concentration, persistence and pace.

Plaintiff correctly notes that Dr. Dixit indicated that Plaintiff suffered from major depressive disorder, moderately impaired concentration, persistence and pace and a GAF score of 52. However, Plaintiff ignores the fact that Dr. Dixit's conclusions regarding Plaintiff's functional limitations are consistent with the findings made by the ALJ. Dr. Dixit concluded that Plaintiff's psychiatric conditions did not significantly impact his ability to work and this opinion was adopted by the ALJ. Further, there is no requirement that the ALJ mention certain findings by a physician, see McFarland v. Astrue, 288 Fed. Appx. 357, 359 (9th Cir. 2008) (failure to address GAF scores does not constitute legal error); Howard v. Commissioner of Social Sec., 276 F.3d 235, 241 (6th Cir. 2002) (same), particularly in this case where the ALJ adopted Dr. Dixit's conclusions.

Based upon the foregoing, the Court finds that the ALJ did not err in his treatment of Dr. Dixit's opinions.

/ / /

/ / /

9

## IV.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that the ALJ did not err in rejecting Dr. Francisco's opinions and did not err in his treatment of Dr. Dixit's opinions.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's appeal from the final decision of Defendant Commissioner of Social Security is DENIED; and

2. The Clerk of the Court is directed to enter JUDGMENT in favor of Defendant Commissioner of Social Security and against Plaintiff David Hill.

IT IS SO ORDERED.

Dated:  **January 9, 2014**

_____
UNITED STATES MAGISTRATE JUDGE